FORM TO BE USED BY PRISONERS IN FILING A COMPLAINT
UNDER THE CIVIL RIGHTS ACT, 42 U.S.C. § 1983

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
_EASTERN_ DIVISION

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS
DEC 18 2009
JAMES W. McCORMACK, CLERK
By: _____ DEP CL

CASE NO. 2:09CV183 JMM/HDY

I. Parties

In item A below, place your full name in the first blank and place your present address in the second blank. Do the same for additional plaintiffs, if any.

A. Name of plaintiff: James Oliver Delamar
ADC # 510265

Address: P.O. Box 180 Brickeys, Arkansas 72320

Name of plaintiff: _____
ADC # _____

Address: _____

Name of plaintiff: _____
ADC # _____

This case assigned to District Judge Moody
and to Magistrate Judge Young

Address: _____

In item B below, place the full name of the defendant in the first blank, his official position in the second blank, his place of employment in the third blank, and his address in the fourth blank.

B. Name of defendant: Greg Harman
Position: Warden
Place of employment: East Arkansas Regional Unit
Address: 326 Lee Highway 601 Brickeys AR 72320

Name of defendant: Steve Outlaw
Position: Max Warden
Place of employment: East Arkansas Regional Max

Address: 326 LEE Highway 601 Brickeys AR 72320

Name of defendant: MAURICE Williams

Position: MAJOR (Building)

Place of employment: TUCKER MAX

Address: 2501 State form Road

Name of defendant: JEREMY Andrews

Position: MAJOR (Field)

Place of employment: EAST ARKANSAS Regional Unit

Address: 326 LEE Highway 601 Brickeys AR 72320

II. Are you suing the defendants in:

- ☐ official capacity only
- ☐ personal capacity only
- ☑ both official and personal capacity

III. Previous lawsuits

A. Have you begun other lawsuits in state or federal court dealing with the same facts involved in this action?

Yes ✓   No ___

B. If your answer to A is yes, describe the lawsuit in the space below. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, using the same outline.)

☐ Parties to the previous lawsuit:

Plaintiffs: JAMES OLIVER DELAmor

Defendants: Brian Trubitt, Blake Botson, Roy Bethel

☐ Court (if federal court, name the district; if state court, name the county):

_WESTERN DISTRICT OF ARKANSAS (Hot Springs)_

- ☐ Docket Number: #6:09-CV-06056-JLH-BAB
- ☐ Name of judge to whom case was assigned: Jimm Larry Hendren
- ☐ Disposition: (for example: Was the case dismissed? Was it appealed? Is it still pending?) dismissed
- ☐ Approximate date of filing lawsuit: July 16 2009
- ☐ Approximate date of disposition: August 6 2009

IV. Place of present confinement: East Arkansas Regional Unit Brickeys Arkansas

V. At the time of the alleged incident(s), were you:
(check appropriate blank)

\_\_\_\_ in jail and still awaiting trial on pending criminal charges

✓ serving a sentence as a result of a judgment of conviction

\_\_\_\_ in jail for other reasons (e.g., alleged probation violation, etc.) explain: _____

VI. The Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e, requires complete exhaustion of administrative remedies of all claims asserted, prior to the filing of a lawsuit. There is a prisoner grievance procedure in the Arkansas Department of Correction, and in several county jails. Failure to complete the exhaustion process provided as to each of the claims asserted in this complaint may result in the dismissal without prejudice of all the claims raised in this complaint.

   A. Did you file a grievance or grievances presenting the facts set forth in this complaint?

   Yes ✓   No \_\_\_\_

   B. Did you completely exhaust the grievance(s) by appealing to all levels within the grievance procedure?

   Yes \_\_\_\_   No ✓

If not, why? <u>SERGENT mills stated it was to late to file a complaint, And the Grievance officer stated the same.</u>

VII. Statement of claim

State here (as briefly as possible) the <u>facts</u> of your case. Describe how each defendant is involved. Include also the names of other persons involved, dates, and places. Do not give any legal arguments or cite any cases or statutes. If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. (Use as much space as you need. Attach extra sheets if necessary.)

ON JANUARY 27, 2009, While Working At the sAlly port, CoRpAl LANE ENtERed the sAlly port ANd placed hANdcuffs oN me, ANd EscoRted me to PRE-Lockup, ANd from there to IsolAtion. Approximate 30 minutes later I was shackled ANd HANdcuffed ANd EscoRted to the mAXimum PRisoN's cAptAiNs office, where I WAS IntERviewEd by MAJoR ANdREWS, coNcERNiNg some coNtRAbANd that WAS fouNd At the PBX oN, FRidAy, JANUARy 24, 2009," that I had Absolutely No KNowledge of." The INtERview lasted foR About 20 minutes. I WAS theN EscoRted bAck to my IsolAtioN cell. The following dAy, Two hoE squAd Riders cAme to my cEll, ANd Advised me to get dRessed", MAJoR ANdREWS," WANted to see me agAiN. So oNce AgAiN I was shackled, ANd hANdcuffed from behiNd, ANd EscoRted to the SAme office As the PRevious dAy. Again I

①

was asked the same questions as the day before. When Major Andrews finished his questioning, [he informed me that he had completed his investigation, and came to the conclusion that I was not involved in the incident]. "I had nothing to do with the contraband." He indicated to me that he would talk to the warden, "Harmon," and I would probally be released from ISO that day, "January 28, 2009." And I was.

Additionally, Major Andrews continued to question me every day at my job. He questioned me from my release from ISO until June 8, 2009. I still was never charged with breaking no rules..

On June 8, 2009, Corpal Jackson recieved a phone call from the main building with instructions to send me to Master Control. Upon entering the buildings main hall, Sergent Wofford escorted me to the laundry where I got new clothes. Then she informed me that I was going to Pine Bluff, to the Internal Affairs. While at Pine Bluff, I was given a stress test about the contraband that was found at PBX, on January, 24, 2009." I answered all questions truthfully." When I returned to E.A.R.U., Corpal Jackson placed Handcuffs on me, and Sergent Carnes escorted me to Pre-Lockup, then to Iso. I asked him what was going on, and he indicated that, "Major Williams," advised him to lock me up, but he stated he did not know why. While in Isolation, I asked Warden Outlaw, and Major Williams what was going on, and why was I lockedup," both responded by stating they could keep me in Iso for up to "Thirty" days. Other deputies stated this as well. [Nobody told me why I was lockedup in Iso, and I

②

WAS NEVER charged FOR violating ANY RULES, AND NOthing WAS given to ME ON PAPER].

ON July 2, 2009, "Twenty Five" days later, I WAS Released from Iso to Barracks 7, General population. ONCE I got settled, I continued to question Why WAS I placed in ISO for Nothing, for "Twenty Five," days. I Also tried to get A copy of the policy in regards to Investigations. I WANTED to Confirm what Warden OUTLAW, Major Williams, And Several deputies told ME concerning them being Able to hold ME UP to "Thirty" days in ISO, for Absolutely Nothing. UPON finding the Policy, [A.D. 08-04, Investigative status], It clearly states, [that A Inmate on Investigative Status MUST be given A WRITTEN NOTICE within "Seventy Two" hours, And Written extensions there After] [I WAS Denied this Due PROCESS RIGHT.] Importantly, I WAS NEVER charged, I WAS NEVER Allowed to Call Any witness, or WAS I ever Allowed to defend myself. The entire Disciplinary Procedure WAS Not Applied.

ON October 6, 2009, After ME constantly questioning staff, And Now "Warden Ball," who approved for ME to view my Institutional file "Ms. Dover," Responded. [And Instead of her Allowing ME to view my file Like Warden Ball approved], she Responded by [stating] ON "October 6, 2009," [I have thoughly scanned through your Institutional file, you were Assigned to Isolation from "6-8-09 through 7-2-09," And there is NO documentation in your file As to why you were placed In Isolation. You will Need to Contact Ms. Green, the Classification officer concerning this Issue]. "Everything Just wrote is Ms. Dover's explanation As to why I WAS lockedup In ISOLATION for "Twenty Five" days.

③

I was Not charged of anything and lockedup for Nothing. [Document from Ms. Dover is Available].

So from mid October, as directed by Ms. Dover, until December 2, 2009, I repeatedly submitted Request forms to Ms. Green for an explanation as to why I was lockedup in Iso for "Twenty Five" days. [And she Never responded back.]

On October 16, 2009, I submitted a Informal Resolution, and I Indicated that I had [persistently] Investigated my situation, and I also Indicated that everything that I was told by Warden Outlaw, Major Williams, Major Andrews, and several deputies was [False] according to A.D. 08-04. I also Indicated that I'm still searching for answers to why was I lockedup in Iso for "Twenty Five" days for absolutely Nothing.

The Response I got from this Resolution from [Sergent Mills], was, [I was Lockedup per "Warden Harmon," and it's to late to file a complaint].

On December 2, 2009, I was called to Master Control, where I was met by officer Minor. He escorted me to Records, "Ms. Dover," where I was allowed to review my Institutional File. And just Like Ms. Dover had expressed In her Letter dated, 10-6-09," there was NO documentation, or explanation as to why I was placed In Isolation on June 8, 2009." Additionally, while reviewing my Institutional file, Ms. Dover contacted Ms. Green, and asked her to come to her office. When Ms. Green arrived, she was asked in my presence, by Ms. Dover, how to find out WHO and WHY, was I In Iso on the dates in questions. Ms. Green advised her to search Eomus, and the answers would be there. [The only Information Ms. Dover found on Eomus was, I was lockedup, "per Warden

HARMON]. No charges was documented at all.

Importantly, for the minimum requirements of procedure due process to be satisfied, I was to be provided with a advance written notice, that informed me of the charges, to enable me to marshal the facts and prepare a defense, and I should have been allowed to prepare for a appearance at a disciplinary hearing. Instead I was wrongfully lockedup in Iso, without any written document submitted to me at all, when the policy stated I was to recieve written notice within "SEVENTY TWO" hours. [WARDEN HARMON had me lockedup, and provided no reason at all].

During these "TWENTY FIVE" days I had to endure extremely hot temperatures do to no Air Conditions, I was deprived of all phone priveliges for those "Twenty Five" days. I was also deprived of my family visits, I had to notify the Chaplin, Wilson, so he could inform my family about me not being able to get visits. I also contacted Warden Ball about getting my job back, when a inmate goes on investigative status, and is not found guilty," they get their job back. This applies to others, but did not apply to me. My job was never given back.

Finally, I was lockedup in Iso for "Twenty Five" days for no reason at all. No charges was brought against me, I was not given anything in writing, nor was I allowed the opportunity to reply to any charges, none exist. I was not submitted any facts from anybody in order to investigate the relevant facts, and there was no disciplinary hearing. [I was found guilty of absolutely nothing]. My Due Process Rights

⑤

was violated by WARDEN HARMON, WARDEN OUTLAW, MAJOR Williams, And MAJOR Andrews, And they all should be held accountable for their Unconstitution Practice of punishing me for "Twenty Five" days In Isolation for No Reason at all. Nothing was given to me in writing, And I was not found guilty of Anything. Their conduct was cruel and unusual Punishment.

Respectfully,

James Delamur #510255

(6)

VIII. Relief

<u>State briefly exactly what you want the court to do for you.</u> Make no legal arguments. Cite no cases or statutes.

For the "Twenty Five" days I spent in ISO without being given a written notice, or charged, $129 per day, plus punitive damages for cruel and unusual punishment.

I declare under penalty of perjury (18 U.S.C. § 1621) that the foregoing is true and correct.

Executed on this _9_ day of _December_, 20_09_.

James Delamore 510255

Signature(s) of plaintiff(s)

Revised 05/02/05