# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# HELENA DIVISION

JAMES OLIVER DeLAMAR                                                      PLAINTIFF
ADC #510255

V.                          NO: 2:09CV00183 JMM/HDY

GREG HARMON *et al.*                                                DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge James M. Moody. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

    1.     Why the record made before the Magistrate Judge is inadequate.
    2.     Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

    3.     The detail of any testimony desired to be introduced at the

> hearing before the District Judge in the form of an offer of
> proof, and a copy, or the original, of any documentary or
> other non-testimonial evidence desired to be introduced at
> the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## **DISPOSITION**

Plaintiff, an inmate at the East Arkansas Regional Unit ("EARU") of the Arkansas Department of Correction ("ADC"), filed a *pro se*[1] complaint and brief in support (docket entries #2 & #3), pursuant to 42 U.S.C. § 1983, on December 18, 2009, alleging due process and Eighth Amendment violations.

## **I. Screening**

Before docketing the complaint, or as soon thereafter as practicable, the Court must review the complaint to identify cognizable claims or dismiss the complaint if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief

---

[1] Plaintiff is notified of his responsibility to comply with the Local Rules of the Court, including Rule 5.5(c)(2), which states: "It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. A party appearing for himself/herself shall sign his/her pleadings and state his/her address, zip code, and telephone number. If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure."

against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A. Fed.R.Civ.P. 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." In *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555 (2007) (overruling *Conley v. Gibson*, 355 U.S. 41 (1967), and setting new standard for failure to state a claim upon which relief may be granted), the Court stated, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment]to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do....Factual allegations must be enough to raise a right to relief above the speculative level," *citing* 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed. 2004). A complaint must contain enough facts to state a claim to relief that is plausible on its face, not merely conceivable. *Twombly* at 570. However, a *pro se* plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dept. of Corr. & Rehab.*, 294 F.3d 1043, 1043-1044 (8th Cir.2002) (citations omitted).

## II. Analysis

According to Plaintiff's complaint, he was a suspect in a contraband incident in January of 2009, but was told by Major Jeremy Andrews that Andrews had concluded Plaintiff had nothing to do with the incident. However, Andrews continued to question Plaintiff daily, and, on June 8, 2009, Plaintiff was taken to be interviewed by internal affairs agents. Thereafter, Plaintiff was taken to isolation, where he stayed for 25 days, despite having no written notice of any charges against him, or hearing. The only reason ever given for the isolation time was that it was at the direction of the warden. Plaintiff's isolation cell was not air conditioned, and he lost phone and visitation privileges, along with his prison job. Because Plaintiff has not identified a liberty interest that entitles him to due process protection, his complaint should be dismissed.

A 25 day stay in isolation does not amount to an "atypical and significant" hardship that would give rise to due process protection as set forth in *Sandin v. Conner*, 515 U.S. 472, 483-484 (1995). The Eighth Circuit has "consistently held that administrative and disciplinary segregation are not atypical and significant hardships under *Sandin*." *Portly-El v. Brill*, 288 F.3d 1063, 1065 (8th Cir. 2002). *See also Wycoff v. Nichols*, 94 F.3d 1187, 1188-90 (8th Cir. 1996)(no liberty interest arose when Plaintiff served 45 days in administrative confinement before disciplinary decision reversed). Although Plaintiff alleges that he also lost his prison job, he has no right to a particular prison job. *See Lomholt v. Holder*, 287 F.3d 683, 684 (8th Cir.2002) (per curiam) (prisoners do not have a constitutional right to a particular prison job).

Likewise, Plaintiff's complaint fails to state a claim for an Eighth Amendment violation based on the conditions of the isolation cell. To prevail on a condition-of-confinement claim, inmates must show: (1) the condition was serious enough to deprive them of the minimal civilized measure of life's necessities, or to constitute a substantial risk of serious harm, and (2) officials were deliberately indifferent to the inmates' or detainees' health and safety. *Smith v. Copeland*, 87 F.3d 265, 268 (8th Cir.1996); *Frye v. Pettis County Sheriff Dept.*, 41 Fed.Appx. 906 (8th Cir. 2002)(unpub. per curiam). Merely being housed for 25 days in a cell without air conditioning, telephone privileges, or family visits, and losing a prison job, does not deny Plaintiff of the minimal civilized measure of life's necessities, or constitute a substantial risk of serious harm.

To the extent that Plaintiff alleges that prison policy was not followed, the Court notes that such claims are not actionable. *See Gardner v. Howard*, 109 F. 3d 427, 430 (8th Cir. 1997)(no § 1983 liability for violation of prison policy). Accordingly, Plaintiff's complaint should be dismissed for failure to state a claim upon which relief may be granted.

4

### III. Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1. Plaintiff's complaint be DISMISSED WITH PREJUDICE for failure to state a claim upon which relief may be granted.

2. This dismissal count as a "strike" for purposes of 28 U.S.C. § 1915(g).

3. The Court certify that an *in forma pauperis* appeal taken from the order and judgment dismissing this action is considered frivolous and not in good faith.

DATED this __21__ day of December, 2009.

_____
UNITED STATES MAGISTRATE JUDGE